UNITED STATES COURT OF APPEALS
**Filed 11/5/96**                    TENTH CIRCUIT

FRED A. SCHNEBERGER and
ZOLA SCHNEBERGER,                            )
                                             )
    Plaintiffs-Appellants,               )
                                             )
v.                                           )      No. 95-6023
                                             )    (CIV-89-1895-L)
APACHE CORPORATION,                          )     (W.D. Okla.)
                                             )
    Defendant-Appellee.                  )

ORDER AND JUDGMENT[*]

Before BALDOCK, McWILLIAMS, and RONEY[**] Circuit Judges.

This matter is before the court on Appellants' appeal of the district court's dismissal of this case for Appellants' failure to comply with the terms of the district court's order administratively closing the case, which set forth the conditions for reopening the case. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of the law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable Paul H. Roney, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

Appellants Fred A. Schneberger and Zola Schneberger filed this diversity case in federal district court over a settlement agreement to clean up alleged contamination of soil and groundwaters caused by Appellee Apache Corporation. As part of its disposition of the case, the district court certified two questions to the Oklahoma Supreme Court by order issued June 15, 1992. On June 16, 1992, the district court issued an order administratively closing the case without prejudice to reopening the proceedings after the Oklahoma Supreme Court had answered the certified questions. The order notified the parties that if the parties did not move to reopen the case within 30 days after the Oklahoma Supreme Court answered the certified questions, the case would be dismissed with prejudice.

The Oklahoma Supreme Court answered the certified questions in a published opinion filed on October 25, 1994. Appellants filed a motion for rehearing in the Oklahoma Supreme Court, and that court denied the motion on January 18, 1995. On November 30, 1994, the district court, on its own, issued an order dismissing the case with prejudice, noting that no party had complied with the conditions for reopening the case set forth in its order administratively closing the case. On December 30, 1994, Appellants filed a notice of appeal with regard to the district court's order dismissing the case with prejudice.

Subsequently, Appellants filed in the district court a motion to vacate the order dismissing the case with prejudice and a motion for relief under Rule 60(b). On

2

September 8, 1995, the district court denied the motions, ruling that Appellants had ignored the plain language of the order administratively closing the case. The district court further ruled that Appellants had failed to explain why they did not inform the court that they had filed a motion for rehearing with the Oklahoma Supreme Court and that they had otherwise failed to articulate a convincing ground for relief under either Rule 59(e) or Rule 60(b).

We review the district court's dismissal of the case for an abuse of discretion. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962) (affirming district court's dismissal of a case based on counsel's failure to appear for a pretrial conference under an abuse of discretion standard); see also Pioneer Investment Svcs. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 396-97 (1993) (reaffirming Link principle that clients may be held accountable for the acts of their attorneys). A district court abuses its discretion when its decision is arbitrary, capricious, or whimsical. United States v. Wright, 826 F.2d 938, 943 (10th Cir. 1987).

In this case the district court did not act arbitrarily, capriciously, or whimsically. It administratively closed the case and notified the parties in plain language that they could reopen it within 30 days of the day the Oklahoma Supreme Court answered the certified questions. The record reflects that no party timely sought to reopen the case. For this reason, the district dismissed the case with prejudice more than 30 days after October 25, 1994, the date the opinion answering the certified questions was filed.

3

While the district court's dismissal of the case with prejudice was harsh in light of Appellants' motion for rehearing, which was pending before the Oklahoma Supreme Court on the date the district court dismissed the case, Appellants did not apprise the district court of that motion. The district court did not abuse its discretion in dismissing the case in accordance with the terms of the order administratively closing the case.[1]

AFFIRMED.

Entered for the Court,


Bobby R. Baldock

---

[1] Appellee's motion to dismiss this appeal is moot in light of our affirmance of the district court's order.